UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE N. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-1256- NAB |
| ) | |
| REACHOUT HEALTHCARE ) | |
| AMERICA/DANIEL MORRISEY, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Michelle N. Allen for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the undersigned finds that plaintiff is financially unable to pay any portion of the filing fee. As such, the Court will grant plaintiff's motion for leave to proceed in forma pauperis [Doc. #2].

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17. Plaintiff names "Reachout Healthcare America/Daniel Morrisey" as the defendant(s) in this action, and thus, it appears that plaintiff is attempting to sue both Reachout Healthcare America, her former employer, and Daniel Morrisey, who she claims was her supervisor.

Title VII imposes liability only against an "employer" who engages in certain discriminatory practices. As such, plaintiff's claims against Reachout Healthcare America are not subject to dismissal at this time. As to supervisors, however, the United States Court of Appeals for the Eighth Circuit has squarely held that "supervisors may not be held individually liable under Title VII." Bonomolo-Hagen v. Clay Central-Everly Community School District, 121 F.3d 446, 447 (8th Cir. 1997)(citing Spencer v. Ripley County State Bank, 123 F.3d 690, 691-92 (8th Cir. 1997)(per curiam); see Bales

v. Wal-Mart Stores, Inc., 143 F.3d 1103, 1110-11 (8th Cir. 1998). Thus, as to Daniel Morrisey, the complaint will be dismissed as legally frivolous.

Therefore,

**IT IS HEREBY ORDERED** that the Clerk receive and file the complaint in this action without payment of the required filing fee. See 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the complaint as to Reachout Healthcare America.

**IT IS FURTHER ORDERED** that, as to Daniel Morrisey, the Clerk shall not issue process or cause process to be issued, because the complaint is legally frivolous and fails to state a claim or cause of action. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as Michelle N. Allen v. Reachout Healthcare America.

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 23rd day of August, 2011.

                                                                                                                        */s/ Audrey G. Fleissig*
                                                                                                                        **UNITED STATES DISTRICT JUDGE**